483 P.2d 801

**Roland DITTO and Loretta Ditto, husband and wife, Appellants,**

v.

**Wendell T. DECKER and Oleta Decker, husband and wife, Appellees.**

**No. 2 CA–CIV 918.**

Court of Appeals of Arizona, Division 2.

April 20, 1971.

Rehearing Denied May 21, 1971.

Review Denied June 22, 1971.

Soble & Cole, P. C., by Joseph H. Soble, Tucson, for appellants.

Richard L. Keefe, Tucson, for appellees.

KRUCKER, Chief Judge.

Wendell T. Decker and his wife filed a complaint in the Superior Court of Pima County, Arizona, in contract against Monterey Recreation, Inc., and Roland Joseph and Loretta Ditto, husband and wife, for rent, taxes and attorneys fees, costs and other relief.

Personal service was effected on Mr. and Mrs. Ditto. Affidavit of default was filed and entered June 29, 1967. Since there was an appearance, the provisions of Rule 55(b), Rules of Civil Procedure, 16 A.R.S., apply. Verbal and written notices of intent to take judgment were given on or about July 19, 1967, as required by the rule. Judgment was entered

July 24, 1967, and notice of entry of judgment was mailed to appellants' counsel by the clerk of the Superior Court on July 25, 1967. Better practice would be to insert the time and place of taking and hearing the default judgment. However, notice was given, and the attorney for the defendants did nothing. He was notified of the judgment and received a copy thereof. The attorney for the defendants (appellants herein), by his own affidavit in October, 1967, stated that judgment was taken by plaintiffs against the corporation and against Joseph Roland Ditto and Loretta Ditto, husband and wife.

Plaintiffs petitioned the court for an order for supplemental proceedings and examination of the judgment debtors. The order for said examination was filed by the court on March 31, 1970.

Motion to set aside the judgment was filed April 17, 1970, and after a response thereto and oral arguments with extensive memoranda of law and supporting documents, the court denied the motion to set aside the judgment and this appeal resulted.

Defendants are objecting to the trial court's failure to set aside the default judgment, which is a personal judgment against them. As stated, the Dittos were personally served and the complaint prayed for relief against them personally. Defendants' counsel (who, incidentally, was a party defendant) was notified of the intention to take judgment. He also was notified by the clerk of the court of the entry of default and entry of judgment, yet did nothing for over two and one-half years.

It is crystal clear that the provisions of Rule 60(c), as amended, Rules of Civil Procedure, 16 A.R.S., must govern. This rule provides:

"Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence, fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * * (3) fraud whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party. * * * The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant served by publication as provided by Rule 59(j) or to set aside a judgment for fraud upon the court. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Defendants contend that the judgment must be set aside because of fraud upon the court. There is no evidence of fraud but only a dispute between the parties. The question of fraud upon the court was clearly raised by the petition to set aside the default, fully heard and determined by the trial court, and the motion was denied.

In view of the fact that the application to set aside the default judgment was not timely but was made over two and one-half years after the entry of judgment, and the defendants' counsel had ample notice of the entry of default and the entry of judgment, in which he should have been most interested as he was a party defendant himself, we can find no error or abuse of discretion on the part of the trial court.

Judgment affirmed.

HATHAWAY and HOWARD, JJ., concur.